**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4543
_____


THOMAS J. RIDDLE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED; MARILYN FISCHER, individually and on behalf of all
others similarly situated,

Appellants

v.

BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; BANK OF
AMERICA REINSURANCE CORPORATION; UNITED GUARANTY
RESIDENTIAL INSURANCE COMPANY; GENWORTH MORTGAGE INSURANCE
CORPORATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-12-cv-01740)
District Judge:  Hon. Berle M. Schiller
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 30, 2014

Before:  AMBRO, CHAGARES, and VANASKIE Circuit Judges.

(Opinion Filed:  October 15, 2014)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Two putative class plaintiffs appeal the District Court's grant of summary judgment to several defendants on statute of limitations grounds. For the reasons that follow, we will affirm.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the facts relevant to our decision. The putative class plaintiffs, Thomas Riddle and Marilyn Fischer, brought this action against Bank of America Corporation ("BAC"), parent of Bank of America, N.A. ("BANA") and Bank of America Reinsurance Corporation ("BARC"), and two providers of private mortgage insurance, Genworth Mortgage Insurance Corporation and United Guaranty Residual Insurance Corporation (collectively, the "MI Insurers"). The plaintiffs' complaint alleges violations of Section 8 of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, in connection with the financing of their homes.[1]

Each plaintiff purchased a home in 2005 and both secured mortgages through BANA. Both were also required by BANA to obtain private mortgage insurance, which Genworth provided to Riddle and United Guaranty provided to Fischer. At closing, each signed a disclosure that informed each plaintiff that their private mortgage insurance might be reinsured by an affiliate of BANA. Reinsurance transfers some of the risk from the primary insurers to another party in exchange for payments known as premiums. The

---

[1] The plaintiffs also initially brought an unjust enrichment claim. They do not pursue this claim on appeal.

disclosure indicated that the reinsurance arrangement was legal, would not increase the premium that each plaintiff would pay for private mortgage insurance, and would not increase the period of time for which private mortgage insurance was required.

It is undisputed that after the plaintiffs closed on their respective houses in 2005, neither took any action to investigate the reinsurance arrangement until each received an advertisement from their current counsel in 2012. After being contacted by counsel, the plaintiffs brought suit alleging that the premiums that the MI insurers paid to BARC for reinsurance were illegal kickbacks, referral payments, or unearned fee splits in violation of RESPA. They claim that because the MI Insurers did not transfer any actual risk in exchange for these payments, the premiums were simply kickbacks designed to pay BAC for funneling business to the MI Insurers.

The District Court initially denied the defendants' motion to dismiss, but then ordered expedited discovery solely on the statute of limitations. Upon the defendants' subsequent motion for summary judgment, the District Court concluded that the suit was indeed barred by RESPA's one-year statute of limitations. See 12 U.S.C. § 2614. It also held that the complaint could not be equitably tolled because the plaintiffs failed to exercise reasonable diligence in investigating their claim, and the defendants did not actively mislead the plaintiffs. The plaintiffs timely appealed.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. Seamans v. Temple Univ., 744 F.3d 853, 859 (3d Cir.

3

2014). A moving party is entitled to summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable inferences must be drawn in favor of the nonmoving party. Prowel v. Wise Bus. Forms, Inc., 579 F.3d 285, 286 (3d Cir. 2009).

## III.

It is undisputed that the plaintiffs brought suit well after RESPA's one-year statute of limitations had expired. The plaintiffs argue, however, that they have satisfied the requirements to equitably toll the statute of limitations.[2] Equitable tolling "can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009). It is "a rare remedy to be applied in unusual circumstances," Wallace v. Kato, 549 U.S. 384, 396 (2007), and used "sparingly," Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005).[3]

---

[2] The plaintiffs have waived any invocation of the discovery rule. See Appendix 808 (representing to the District Court that the plaintiffs were "not seek[ing] an extension of the accrual date of their RESPA claim by virtue of the Discovery Rule.").

[3] The Courts of Appeals disagree regarding whether equitable tolling is available at all for RESPA claims. Compare Hardin v. City Title & Escrow Co., 797 F.2d 1037, 1039 (D.C. Cir. 1986) (holding that RESPA's statute of limitations is jurisdictional and not subject to equitable tolling) with Merritt v. Countrywide Fin. Corp., -- F.3d. --, 2014 WL 3451299 at *10-11 (9th Cir. July 16, 2014) (holding that RESPA's statute of limitations is not

To invoke equitable tolling, the burden is on the plaintiffs to demonstrate "three necessary elements: (1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of her claim within the limitations period; and (3) where the plaintiff's ignorance is not attributable to her lack of reasonable due diligence in attempting to uncover the relevant facts." Cetel v. Kirwan Fin. Grp., Inc., 460 F.3d 494, 509 (3d Cir. 2006). A plaintiff must "exercise due diligence in preserving his legal rights." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

The undisputed facts clearly indicate that the plaintiffs did not exercise diligence sufficient to equitably toll the statute of limitations. The plaintiffs did absolutely nothing to investigate their potential claims between the time they closed on their homes in 2005 (which is the time that their claim arose under RESPA, see 12 U.S.C. § 2614) and the time that they were contacted by counsel in 2012. The plaintiffs were informed at their respective closings that a BAC entity may be involved in reinsuring their private mortgage insurance, but took no subsequent action to determine whether any such reinsurance arrangement was legitimate.

The plaintiffs argue that their diligence was reasonable under the circumstances because the closing documents they signed represented that the reinsurance arrangement was legitimate, and therefore they had no reason to investigate it. But we have held that "[m]erely asking defendants whether the plans were legal [and presumably receiving an affirmative response] is inadequate to show reasonable diligence." Cetel, 460 F.3d at

_____

jurisdictional and able to be equitably tolled). We assume, without deciding, that RESPA claims may be equitably tolled.

5

508; accord Mathews v. Kidder, Peabody & Co., Inc., 260 F.3d 239, 255-56 (3d Cir. 2001).  Here, the plaintiffs did not make any inquiry.  They simply accepted the defendants' representation that the arrangement was legal, and went about their lives for the next seven years, conducting no investigation at all during that time.  Taking the defendants' representations at face value without asking a single question for seven years is insufficient diligence to toll the statute of limitations in these circumstances.[4]

IV.

For the foregoing reasons, we will affirm the order of the District Court.

---

[4] Because the plaintiffs failed to demonstrate that they exercised reasonable diligence, their attempt to equitably toll the statute fails, and we need not determine whether the plaintiffs met any of the other prongs of the equitable tolling test.  We note in passing, however, that there is scant evidence that any BAC defendant "actively misled" the plaintiffs.  Forbes v. Eagleson, 228 F.3d 471, 486 (3d Cir. 2000).  Further, there is no evidence in the record that either of the MI Insurers engaged in any "affirmative acts of concealment" that were directed at the plaintiffs and designed to mislead them regarding any potential claim.  Id. at 487.