PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1412
_____

JUDITH CUNNINGHAM;
FREDERICK D. DEIMLER, III;
CAROL VANOVER, individually and on behalf of all others
similarly situated,

Appellants

v.

M&T BANK CORP.; M&T BANK;
M&T MORTGAGE REINSURANCE COMPANY, INC.;
MORTGAGE GUARANTY INSURANCE CORP.;
GENWORTH MORTGAGE INSURANCE
CORPORATION
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-01238)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2016

Before: McKEE, <u>Chief Judge</u>, AMBRO,
and SCIRICA, <u>Circuit Judges</u>

(Opinion filed February 19, 2016)

Edward W. Ciolko, Esquire
Terence S. Ziegler, Esquire
Donna S. Moffa, Esquire
Natalie Lesser, Esquire
Kessler Topaz Meltzer & Check
280 King of Prussia Road
Radnor, PA   19087

    Counsel for Appellants

David J. Bird, Esquire
Reed Smith
225 Fifth Avenue, Suite 1200
Pittsburgh, PA   15222

Andrew J. Soven, Esquire
Reed Smith
1717 Arch Street
Three Logan Square, Suite 3100
Philadelphia, PA   19103

    Counsel for Appellees

_____

OPINION OF THE COURT
_____

2

AMBRO, Circuit Judge

Judith Cunningham, Frederick Deimler III, and Carol Vanover (collectively, "Plaintiffs") claim to represent a nationwide class of homeowners who were victims of a captive reinsurance scheme perpetrated by M&T Bank Corporation, M&T Bank, and M&T Mortgage Reinsurance Company (collectively, "M&T"). Plaintiffs filed this lawsuit several years after the applicable statute of limitations had expired. After allowing discovery related to the timeliness of Plaintiffs' claims, the District Court granted summary judgment for M&T. As the Court explained, Plaintiffs' claims were untimely and not subject to equitable tolling. Because we agree that equitable tolling does not apply to these claims, we affirm.

**I.**

Plaintiffs obtained residential mortgage loans from M&T Bank to finance the purchase of their homes. When a borrower seeks a mortgage loan that exceeds 80% of the value of the residence, he or she must ordinarily agree to pay for insurance to protect the lender from the risk of default. Private mortgage insurance thus permits lenders such as M&T Bank to extend credit at lower interest rates and to borrowers who might otherwise not be able to get a mortgage loan. Each Plaintiff fell into this category and had to buy insurance as a condition of his or her mortgage. Each paid premiums to a private mortgage insurer and, in case of default, M&T Bank would be the beneficiary of the insurance agreement. As is customary in the industry, M&T Bank selected the insurers with whom the plaintiffs would contract.

Companies offering private mortgage insurance will often contract with others for "reinsurance" of the risk they

3

hold.    Under a reinsurance agreement, the reinsurance company assumes a portion of the risk associated with default in exchange for a percentage of the mortgage insurance premiums paid by the borrower.  Reinsurance thus allows the insurer to manage its own risk and offer greater amounts of insurance at lower premiums.    Many mortgage lenders operate their own "captive" companies that reinsure mortgages the lenders originated.  In this case, M&T Bank referred Plaintiffs to private mortgage insurers who, in turn, reinsured the insurance policy with M&T Mortgage Reinsurance Company—M&T Bank's captive reinsurer.

Beginning in late 2011, counsel sent letters to Plaintiffs advising that they were investigating claims concerning M&T Bank's captive mortgage reinsurance. Plaintiffs agreed to be part of a lawsuit against M&T and filed a putative class action complaint alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, and unjust enrichment.[1]

In the complaint, Plaintiffs claimed to represent a nationwide class of persons who obtained residential mortgage loans from M&T Bank that were reinsured by M&T Mortgage Reinsurance Company.  They alleged that M&T Bank and its reinsurer colluded with private mortgage insurers, referring customers to the private mortgage insurers and receiving in return reinsurance agreements that required M&T Mortgage Reinsurance to take on little or no actual risk.

[1] Plaintiffs also named Mortgage Guaranty Insurance Corporation and Genworth Mortgage Insurance Corporation as defendants.  After the District Court granted summary judgment for all defendants, Mortgage Guaranty and Genworth settled with Plaintiffs and they are not participating in this appeal.

4

This scheme allegedly violated RESPA's anti-kickback and anti-fee-splitting provisions. *See* 12 U.S.C. § 2607(a)–(b).

M&T moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that RESPA's one-year statute of limitations barred the claims of Plaintiffs and they were not entitled to equitable tolling of the limitations period. The District Court denied the motion, declining to resolve the fact-bound issue of equitable tolling until the parties could take discovery limited to that issue. *Cunningham v. M&T Bank Corp.*, No. 12-cv-1238, 2013 WL 5876337, at \*7 (M.D. Pa. Oct. 30, 2013); *see also In re Cmty. Bank of N. Virginia*, 622 F.3d 275, 301–02 (3d Cir. 2010) ("*Community Bank I*") (noting that the issue of equitable tolling is "not generally amenable to resolution on a Rule 12(b)(6) motion").

After discovery, M&T moved for summary judgment and the Court granted the motion. With the benefit of a more detailed factual record, it held that the claims were indeed time barred and that Plaintiffs could not equitably toll the limitations period. *Cunningham v. M&T Bank Corp.*, No. 12-cv-1238, 2015 WL 539761, at \*6–8 (M.D. Pa. Feb. 10, 2015). This was so because none of them had exercised reasonable diligence in investigating any potential claims under RESPA. Plaintiffs appeal that decision.[2]

---

[2] Plaintiffs' counsel also filed nearly a dozen identical lawsuits in this Circuit against mortgage lenders, private mortgage insurance companies, and mortgage reinsurance companies. Three cases (including this one) have proceeded to summary judgment, and in each the District Court has entered summary judgment for the defendants and concluded that the claims under RESPA were time barred and not subject to equitable tolling. *Cunningham*, 2015 WL 539761,

5

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction per 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. *Seamans v. Temple Univ.*, 744 F.3d 853, 859 (3d Cir. 2014). A moving party is entitled to summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), as to whom all reasonable inferences must be drawn, *Prowel v. Wise Bus. Forms, Inc.*, 579 F.3d 285, 286 (3d Cir. 2009).

---

at *6–8; *Hill v. Flagstar Bank*, No. 12-cv-2770, 2014 WL 2892397, at *7 (E.D. Pa. June 26, 2014); *Riddle v. Bank of Am. Corp.*, No. 12-cv-1740, 2013 WL 6061363, at *9 (E.D. Pa. Nov. 18, 2013). Last year, we affirmed the grant of summary judgment in one of those three cases in a non-precedential opinion. *Riddle v. Bank of America Corp.*, 558 Fed. App'x 127, 130 (3d Cir. 2014). Finally, eight cases with substantially identical claims remain pending and have been stayed awaiting our decision in this appeal. *Ba v. HSBC USA, Inc.*, No. 13-cv-0072 (E.D. Pa.); *Barlee v. First Horizon Nat'l Corp.*, No. 12-cv-3045 (E.D. Pa.); *Blake v. JPMorgan Chase Bank, N.A.*, No. 13-cv-6433 (E.D. Pa.); *Hall v. Wachovia Bank, N.A.*, No. 13-cv-5994 (E.D. Pa.); *Manners v. Fifth Third Bank*, No. 12-cv-0442 (W.D. Pa.); *Menichino v. Citibank, N.A.*, No. 12-cv-0058 (W.D. Pa.); *Thurmond v. SunTrust Bank*, No. 11-cv-1352 (E.D. Pa.); *White v. PNC Fin. Servs. Grp., Inc.*, No. 11-cv-7928 (E.D. Pa.).

## III.

Plaintiffs' claims under RESPA have a one-year statute of limitations. 12 U.S.C. § 2614. It runs "from the date of the occurrence of the violation," *id.*, which begins at the closing of the loan, *Community Bank I*, 622 F.3d at 281. Cunningham, Deimler, and Vanover closed on their home mortgage loans in May 2007, June 2008, and October 2007, respectively. They filed suit in June 2012, several years after the statute of limitations had expired.

Plaintiffs nonetheless argue that their RESPA claims are not time barred because they have satisfied the requirements to equitably toll the statute of limitations. Equitable tolling "can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009). We have previously held that the statute of limitations in RESPA is not jurisdictional and is thus eligible for equitable-tolling consideration. *In re Cmty. Bank of N. Virginia Mortgage Lending Practices Litig.*, 795 F.3d 380, 400 n.20 (3d Cir. 2015) ("*Community Bank II*"). But "[e]quitable tolling is an extraordinary remedy which should be extended only sparingly." *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005); *see also Wallace v. Kato*, 549 U.S. 384, 396 (2007) ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.").

Plaintiffs' basis for tolling, also known as fraudulent concealment, requires them to show three elements: "(1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of her claim within the limitations period; and (3) where the

7

plaintiff's ignorance is not attributable to her lack of reasonable due diligence in attempting to uncover the relevant facts." *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 509 (3d Cir. 2006). "To demonstrate reasonable diligence [which means here, as noted below, to investigate possible claims], a plaintiff must 'establish[] that he pursued the cause of his injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others.'" *Mest v. Cabot Corp*, 449 F.3d 502, 511 (3d Cir. 2006) (quoting *Cochran v. GAF Corp.*, 666 A.2d 245, 250 (Pa. 1995)).

Plaintiffs argue that M&T Bank actively misled them regarding the nature and existence of their claims. But before Plaintiffs closed on their respective loans as mortgagors, each person received a disclosure form separate from the mortgage explaining reinsurance in plain language, stating that reinsurance could be with a company affiliated with the lender, that the reinsurance company would receive a percentage of the mortgage, and that the mortgagor had the opportunity to opt out of captive reinsurance. It read:

> Your lender or a subsequent holder of your loan (the "Lender") may[,] directly or through an affiliated company (a "Reinsurance Company"), enter into a reinsurance agreement with the primary insurance company that will be providing the mortgage insurance covering your loan.

> Under a reinsurance agreement, the Reinsurance Company may assume a portion of the risk associated with such Mortgage Insurance. In exchange for its assumption of such risk, the Reinsurance Company receives a percentage of

8

> the mortgage insurance premium paid to obtain the mortgage insurance covering your loan. <u>The reinsurance agreement does not increase the amount you have to pay for mortgage insurance or the length of time you must maintain the insurance.</u>
>
> If you do not want the mortgage insurance on your loan to be reinsured with Lender's Reinsurance Company you may check the "opt out" box below when you sign and acknowledge receipt of this disclosure. Your election to opt in or out will not affect our credit decision regarding your loan.

Each Plaintiff signed and dated the disclosure and none elected to opt out from reinsurance with an affiliate of M&T Bank. The mortgage documents also disclosed the possibility of captive reinsurance on a page of the mortgage each person initialed. Plaintiffs confirmed during depositions that they were aware at the time of closing of the possibility of captive reinsurance, though none recalled asking any questions about the reinsurance agreement.

After the closing, Plaintiffs took no steps to investigate whether M&T Bank's captive reinsurance program might violate state or federal law. They did not, for example, ask their mortgage insurer if their particular insurance policy had been reinsured and, if so, with whom. They did not seek the advice of an attorney, research captive reinsurance, request documents related to their mortgage insurance, or take any steps to discover if they had a claim under RESPA.[3]

---

[3] If Plaintiffs had taken some steps to investigate captive reinsurance, they would have found breadcrumbs leading them toward a potential RESPA claim. Captive reinsurance

9

Plaintiffs claim simply that it was not until late 2011 or early 2012, when counsel asked them to join a lawsuit, that they became aware of the basis for a possible claim under RESPA.

On these undisputed facts, we conclude that Plaintiffs have failed to show due diligence and cannot use equitable tolling to rescue otherwise time-barred claims. At the closing, Plaintiffs were made aware that the mortgage insurance on their home might be reinsured with an affiliate of M&T Bank and, at that moment, they had all the facts necessary to develop their claims under RESPA. Yet they failed to take any steps to investigate during the approximately four-year period between the time of the closing and the time that they were approached by counsel. This inaction was not reasonable diligence.

Plaintiffs advance several arguments against summary judgment, but none persuade us that the District Court got it wrong. They first argue that they were, in fact, diligent. According to their theory of diligence, M&T Bank's misrepresentations in the lengthy mortgage documents did not give them any reason to investigate. And in the absence of any "storm warnings" that would put them on notice of the

---

arrangements date back to the late 1990s. Lawsuits challenging the arrangements as vehicles for illegal kickbacks soon followed. *See, e.g.*, *Baynham v. PMI Mortg. Ins. Co.*, No. 99-cv-241 (S.D. Ga. filed Dec. 17, 1999). And around the time Plaintiffs closed on their mortgage loans with M&T Bank, their current counsel had brought several nearly identical lawsuits against lenders and captive reinsurance companies in this area. *See, e.g.*, *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753 (3d Cir. 2009) (complaint filed in August 2007).

need for follow up, Plaintiffs assert that we can excuse their inaction until they were put on notice by a letter from a lawyer. We disagree.

For one, most of the cases that Plaintiffs cite in support of this argument actually address the discovery rule, which relates to claim accrual (when the limitations period begins to run) rather than equitable tolling (the events that can stop the clock on a limitations period once it has begun to run). Under the discovery rule, a cause of action does not accrue until the plaintiff discovers or in the exercise of reasonable diligence should have discovered the basis for her claim against the defendant. *See DeBenedictis v. Merrill Lynch & Co.*, 492 F.3d 209, 216 (3d Cir. 2007); *Benak ex rel. All. Premier Growth Fund v. All. Capital Mgmt. L.P.*, 435 F.3d 396, 400 (3d Cir. 2006); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1325 (3d Cir. 2002). In deciding when a diligent plaintiff would have discovered the basis of a claim, courts look for "storm warnings" that would put the plaintiff on notice of her injury. However, the discovery rule is not apt for RESPA claims because Congress specifically provided that the limitations period begins to run on "the date of the occurrence of the violation." 12 U.S.C. § 2614; *see also Macauley v. Estate of Nicholas*, 7 F. Supp. 3d 468, 487 n.16 (E.D. Pa. 2014) ("[C]ourts across the country have refused to apply the discovery rule to RESPA claims."). It is thus irrelevant for purposes of the statute of limitations in RESPA when a reasonable plaintiff would have discovered her claim.

Setting aside that distinction, however, what Plaintiffs ask us to do is to ignore the plain words of M&T Bank's disclosure. Based on the disclosure, they were on notice that reinsurance for their mortgage loans was reasonably likely through an affiliate of M&T Bank. Armed with the facts necessary to allege their claim under RESPA, it is undisputed that they took no steps to investigate whether the reinsurance

11

arrangement was fully valid. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1390 (3d Cir. 1994) ("Equitable tolling . . . keys on a plaintiff's cognizance, or imputed cognizance, of the facts supporting the plaintiff's cause of action."). Even if M&T Bank's disclosure did not give Plaintiffs warning of the need to investigate, the onus is still on Plaintiffs in these circumstances to exercise some degree of diligence in order to receive the benefit of equitable tolling.

Plaintiffs' reliance on our decision in *Community Bank II* is also misplaced. There, a class action brought on behalf of homeowners alleged that a residential mortgage loan business and two banks were involved in a predatory lending scheme in violation of RESPA. 795 F.3d at 385. Though some of the homeowners' claims were barred by RESPA's statute of limitations, class counsel argued that fraudulent concealment would toll the limitations period. On a motion to certify a class, defendants argued the issue of equitable tolling would be too individualized and too central to the litigation for certification under Rule 23(b)(3). *See* Fed. R. Civ. P. 23(b)(3) (class action may be maintained if, among other things, "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members").

We rejected the argument, holding that commonality was satisfied despite the need for some class members to rely on fraudulent concealment. Regarding the due diligence element of fraudulent concealment, we noted that "when a wrongful scheme is perpetrated through the use of common documentation, such as the documents employed to memorialize each putative class member's mortgage loan, full participation in the loan process is alone sufficient to establish the due diligence element." *Community Bank II*, 795 F.3d at 404. Plaintiffs focus on this language to argue that their

12

participation in the loan closing was sufficient to establish diligence. The decision made clear, however, that its discussion of fraudulent concealment was limited to the commonality question under Rule 23. It explicitly did not "not address whether the class members are actually entitled to equitable tolling on the merits," *id.* at 404–5; thus it does not control our analysis of the very fact-specific doctrine of fraudulent concealment in this case.

Finally, Plaintiffs argue that the District Court could not have properly resolved the question of equitable tolling by considering the lack of diligence without also considering M&T Bank's misrepresentations. In effect, Plaintiffs argue that courts must analyze all the elements of fraudulent concealment before dismissing a time-barred claim. This is incorrect. To repeat, there are three elements for fraudulent concealment: "(1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of her claim within the limitations period; and (3) where the plaintiff's ignorance is not attributable to her lack of reasonable due diligence in attempting to uncover the relevant facts." *Cetel*, 460 F.3d at 509. If a plaintiff with an otherwise time-barred claim has not presented sufficient evidence of even one of the three elements, summary judgment may be entered for the defendant.[4]

---

[4] The District Court also entered summary judgment against the Plaintiffs on their unjust enrichment claims. On appeal, they make no serious effort to challenge that decision. They simply allege that the District Court erred in dismissing the unjust enrichment claims for the same reasons it erred in dismissing the RESPA claims. They provide no authority for this argument and, in these circumstances, have waived it for

\*     \*     \*     \*     \*

Statutes of limitations are "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348–49 (1944). We will sometimes make an exception to the rule where its rigid application would be unfair because a defendant concealed its wrong and prevented a diligent plaintiff from bringing her claim within the limitations period. This not such a case. Indeed, accepting Plaintiffs' theory in this case—toll indefinitely the limitations period for claims under RESPA until a lawyer can find the right plaintiff to join a lawsuit and notify other putative plaintiffs—would effectively write the statute of limitations out of RESPA. We thus affirm the decision of the District Court granting summary judgment for M&T.

---

purposes of appeal. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).