**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2868
_____

PAUL AVERSANO,
on behalf of himself and
all others similarly situated,
                                        Appellant

v.

SANTANDER BANK, N.A.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:17-cv-12694)
District Judge: Honorable Michael A. Shipp
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 18, 2020

Before: McKEE, BIBAS, and COWEN, *Circuit Judges*

(Filed: September 24, 2020)
_____

OPINION[*]
_____

BIBAS, *Circuit Judge*.

A plaintiff who made the ordinary error of not reading a contract may not invoke the

extraordinary remedy of equitable tolling. The Truth in Lending Act (TILA) requires

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

lenders to disclose certain facts about loans accurately. When a borrower alleges a violation of TILA, he has one year to sue, unless equitable tolling extends that window.

Paul Aversano sued his bank more than ten years after taking out his loan. To excuse his delay, he invoked equitable tolling. But he did not even read the loan contract until years later, and the bank hid nothing. So equitable tolling does not apply, and we will affirm the dismissal of his TILA claim.

Aversano also brought state-law claims. The District Court thought it lacked jurisdiction over them. But it did not consider whether it had jurisdiction under the Class Action Fairness Act. So we will vacate the dismissal of the state-law claims and remand.

## I. BACKGROUND

On appeal from the District Court's dismissal, we take the complaint's well-pleaded factual allegations as true: In 2007, Aversano took out a mortgage from Sovereign Bank, now Santander. He signed a contract laying out the loan's terms. The contract included TILA's required disclosures, like the loan's annual percentage rate, cost of credit, amount of credit received, and total payments. He agreed to make 360 payments, due on the 30th of each month.

The contract explained that the loan was a simple-interest loan, charging interest "each day at the daily equivalent of the annual rate." App. 72. It noted that "[i]f [he] pa[id] late, [he] w[ould] owe more interest." *Id.* And it said that if the bank received the minimum payment more than fifteen days after the due date, he would owe a late fee.

Aversano did not read these terms and made several mistaken assumptions. He believed that "the disclosures [in the loan agreement] reflected a conventional mortgage." App. 50.

2

To him, that meant that the interest compounded not daily, but monthly. He also thought that the late-payment provision created interest-free "grace periods." App. 52. But he never checked his understanding against the rest of the contract.

Aversano started paying off the loan. But he skipped four monthly payments. Each time, he agreed to extend the loan by a month and pay a late fee. Each time, he got a notice stating: "Interest will continue to accrue on the entire outstanding balance, including the month I skip my payment." App. 82–85.

Aversano also repeatedly checked his credit with the credit bureau Equifax. He saw that Santander reported the loan to them as a "Conventional RE [real estate] Mortgage." App. 53. He thought that a conventional loan was one that compounded interest monthly.

Aversano's misunderstandings became apparent to him only in 2017, when he asked the bank how much he still had left to pay. To his surprise, he owed about $11,000 more than he thought. The difference was based on his mistaken assumptions about how the bank calculated interest. As the contract stated, the bank charged interest for each day his payment was late and compounded that interest daily.

Aversano paid off the loan. He then brought a putative class action against the bank, alleging violations of TILA and New Jersey law. The District Court dismissed the TILA claim as untimely, finding no ground for equitable tolling. Having dismissed the federal claim, it declined to exercise supplemental jurisdiction over the state-law claims under 28 U.S.C. §1367. Aversano appeals. We review the dismissal de novo. *Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 151 (3d Cir. 2018).

## II. AVERSANO IS NOT ENTITLED TO EQUITABLE TOLLING ON HIS TILA CLAIM

A plaintiff must bring a TILA action within one year of the closing date of the loan. 15 U.S.C. §1640(e); *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 303 (3d Cir. 2010). Aversano sued in 2017, more than ten years after his loan closed in 2007. To get around the time bar, he pleaded equitable tolling.

Equitable tolling is a rare, "extraordinary remedy." *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005). To survive a motion to dismiss, Aversano's complaint must include "sufficient factual matter" for the court to infer that discovery may show that tolling could keep alive his otherwise untimely claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Aversano argues that he deserves equitable tolling because the bank fraudulently concealed that his loan was a simple-interest loan. To show that, he must plausibly plead that the bank actively misled him during the limitations period, which prevented him from recognizing that he had a valid claim in time. *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 509 (3d Cir. 2006). And his delay must not be because of his "lack of reasonable due diligence in attempting to uncover the relevant facts." *Id.* The District Court held that Aversano did not plausibly plead that he had been reasonably diligent or that the bank had actively misled him. We agree.

### A. Failure to read loan documents does not justify equitable tolling

Start with due diligence. Aversano must show that he "could not, by the exercise of reasonable diligence, have discovered essential information" about the alleged violation. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1390 (3d Cir. 1994),

*overruled in irrelevant part by Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018) (en banc), *aff'd*, 140 S. Ct. 355 (2019).

Aversano could easily have discovered the key facts about his loan. His contract said that he was taking out a simple-interest loan. When he did finally read that part of the contract, he understood what it meant and why he owed the extra $11,000. If Aversano had read it when he signed it, he would have had everything he needed to know to bring his claim. *See Cunningham v. M&T Bank Corp.*, 814 F.3d 156, 161 (3d Cir. 2016). By not reading the contract, he was not diligent.

Aversano replies that "no reasonable consumer could have discovered" the provision, which the bank "hid[ ] … deep" inside the ten-page contract. Appellant's Br. 12–13, 20. But the term was in the middle of the fourth page of the contract, where the interest-computation terms appear below the boldfaced heading "**4. INTEREST RATE.**" App. 72. He had no excuse for not reading that far. Even if a consumer can sometimes be diligent without reading a whole contract, Aversano does not have that excuse. Nothing in the loan disclosures or on the first page describes how the bank would calculate interest. If that interest calculation mattered to him, he had to read the part of the contract that discussed it, or at least ask about it. But he did not.

Aversano relies on a case from one of our sister circuits, *FTC v. AMG Cap. Mgmt., LLC*, 910 F.3d 417 (9th Cir. 2018). But that case is inapt. It held a TILA disclosure deceptive because the fine print below the disclosures required the borrower to affirmatively decline to renew the loan. *Id.* at 422–23. So unless he figured out how to refuse the renewal, a reasonable consumer "would be required to pay much more" than the amount mentioned

in the loan disclosure. *Id.* at 423. But here, the only reason Aversano had to pay more is that he made late payments, just as the contract said.

**B.  The bank did not actively mislead Aversano about the loan's terms**

No one actively misled Aversano. He had to plausibly plead that the bank "engaged in affirmative acts of concealment designed to mislead the plaintiffs regarding facts" supporting the claim. *Forbes v. Eagleson*, 228 F.3d 471, 487 (3d Cir. 2000). He did not.

Aversano alleges that the bank concealed its TILA violation by reporting the loan to Equifax as a "Conventional RE [real estate] Mortgage." App. 53. That description was misleading, he says, because a conventional mortgage implies a monthly interest calculation. But the bank's reporting to credit bureaus was not "designed to mislead" Aversano. *Forbes*, 228 F.3d at 487. It was not directed to him at all, but rather to potential creditors. *See What Is a Credit Report?*, Consumer Fin. Prot. Bureau, https://www.consumerfinance.gov/ask-cfpb/what-is-a-credit-report-en-309 [https://perma.cc/QSU6-JSPH] (last updated June 8, 2017). Though the bank advised him to check his credit report, it never said he should do that to figure out his loan's terms.

Aversano also claims that the late-fee arrangements deceived him into expecting that the interest would compound monthly. But all the bank's agreements said was that "[i]nterest will continue to accrue on the entire outstanding balance, including the month I skip my payment." App. 82–85. They said nothing about calculating or compounding interest.

Because Aversano has not plausibly alleged due diligence or active misleading, he does not merit equitable tolling. The District Court properly dismissed the TILA claim as untimely.

6

### III. THE DISTRICT COURT SHOULD CONSIDER WHETHER IT HAS ORIGINAL JURISDICTION OVER AVERSANO'S STATE-LAW CLAIMS

After dismissing the federal claim, the District Court declined to exercise supplemental jurisdiction over Aversano's state-law claims. But Aversano's second amended complaint also alleged original jurisdiction under the Class Action Fairness Act (CAFA). He alleged that his putative class had more than a thousand members, that he alone suffered damages of $11,000, and that he and other class members deserved compensatory damages, punitive damages, costs, and fees.

The District Court missed these allegations. It said that "Plaintiff's only asserted basis for jurisdiction is 28 U.S.C. § 1331," the federal-question-jurisdiction statute. App. 11. So it discussed only *supplemental* jurisdiction under 28 U.S.C. § 1367 over the state-law claims. But CAFA provides original federal jurisdiction. 28 U.S.C. § 1332(d)(2); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). The District Court never considered whether it had original jurisdiction over the state-law claims under CAFA.

It might. Under CAFA, a district court has jurisdiction over (1) a class action with at least 100 class members, in which (2) the amount in controversy exceeds $5 million and (3) at least one plaintiff and one defendant are citizens of different states. 28 U.S.C. § 1332(d)(2), (d)(5)(B). The bank disputes CAFA jurisdiction, claiming that Aversano never plausibly pleaded that the amount in controversy exceeds $5 million.

We have never addressed what plaintiffs must plead to bring a claim under CAFA. Normally, it is *defendants* who invoke CAFA to remove cases to federal court. If the plaintiff argues that the amount in controversy is lower than $5 million and the district court

7

found facts on the subject, then we apply the legal-certainty test. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 503–04 (3d Cir. 2014). In other words, the court may dismiss only if it is legally certain that the damages will not exceed $5 million. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394–97, 401 (3d Cir. 2016). But if the district court found no facts on the amount in controversy, the defendant seeking removal must show the $5 million-plus by a preponderance of the evidence. *Judon*, 773 F.3d at 501, 503–04.

This case is different. Aversano alleged CAFA jurisdiction as a *plaintiff*. It is not clear whether the same rule applies to plaintiffs: sometimes courts gauge jurisdiction differently depending on whether the plaintiff or defendant asserts it. *See, e.g.*, *McPhail v. Deere & Co.*, 529 F.3d 947, 952–53 (10th Cir. 2008). Because the parties did not brief this issue, we will leave it for the District Court on remand. We will thus vacate the dismissal of Aversano's state-law claims.

\* \* \* \* \*

It is not misleading to put loan terms in the middle of page four of a mortgage contract below a boldfaced heading, and it is not diligent to stop reading before page four. Because Aversano was neither misled nor diligent, equitable tolling does not excuse his suing nine years late. So we will affirm the dismissal of his TILA claim. But because the District Court might have CAFA jurisdiction over his state-law claims, we will vacate the dismissal of those claims and remand.

8